IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **RUSSELL JAVIER MELENDRES, et. al.,** | ) | |
| **Plaintiffs,** | ) | |
| | ) | **NO. 3:25-cv-00070** |
| **v.** | ) | |
| | ) | **JUDGE CAMPBELL** |
| **PRUITTHEALTH, INC., et al.,** | ) | |
| **Defendants.** | ) | |

**MEMORANDUM and ORDER**

Pending before the Court is a motion to dismiss (Doc. No. 36) filed by Defendants PruittHealth, Inc., PruittHealth Consulting Services, Inc., PruittHealth-Bamberg, LLC, PruittHealth-Neuse, LLC, PruittHealth-Town Center, LLC, Neil Pruitt, Jr., Justin Price, and Amy Motenegro (collectively "PruittHealth Defendants"), which is fully briefed. (*See* Doc. Nos. 49, 52). Additionally, the parties filed supplemental briefing. (Doc. Nos. 66, 69). For the reasons stated herein, the motion is **GRANTED** in part.

Through their pending motion and supplemental briefing, PruittHealth Defendants advance several arguments, including that the Court lacks personal jurisdiction over them and should transfer this case to the Middle District Court of North Carolina under 28 U.S.C. § 1631. (Doc. No. 37 at 11; Doc. No. 66 at 6). Plaintiffs agree that this case may be transferred to the Middle District Court of North Carolina under Section 1631. (Doc. No. 69 at 6).

28 U.S.C. § 1631 provides that if the Court lacks jurisdiction in a civil action, it "*shall*, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed or noticed." 28 U.S.C. § 1631 (emphasis added). Thus, the Court must determine whether this action "could have been brought" in another forum, and whether transfer is "in the interest of justice." *Id*.

The Court turns first to whether this action "could have been brought" in the Middle District Court of North Carolina, which is to ask where venue would be proper and where personal jurisdiction would exist. 28 U.S.C. § 1631. PruittHealth Defendants submit that venue is proper in the Middle District Court of North Carolina "because a substantial portion of the events that give rise to [Plaintiff Melendres's] claims – namely, the placement and employment of [Plaintiff Melendres] at PruittHealth Town Center – occurred within that judicial district." (Doc. No. 66 at 6 (citing 28 U.S.C. § 1391(b)(2)). PruittHealth Defendants further submit that, because the Middle District Court of North Carolina possesses subject matter jurisdiction and personal jurisdiction over at least PruittHealth Town Center, and is a proper forum, the present case could have been brought there against at least PruittHealth-Town Center, LLC.

Second, the Court has "broad discretion" to determine whether transfer to another district is in the interest of justice. *Stanifer v. Brannan*, 564 F.3d 455, 456–57 (6th Cir. 2009). "Unless evidence exists that the case was brought in the improper venue in bad faith or to harass the defendant, the interest of justice generally requires a transfer rather than a dismissal." *Twin Flames Universe.com, Inc. v. Cole*, 528 F.Supp.3d 708, 718 (E.D. Mich. 2021) (citation omitted). And here, nothing in the record suggests that Plaintiffs intentionally abused the judicial process by filing their action in the Middle District of Tennessee.

Accordingly, PruittHealth Defendants' motion (Doc. No. 36) is **GRANTED** as to the requested transfer under 28 U.S.C. § 1631, and the Clerk is directed to **TRANSFER** this action to the Middle District Court of North Carolina.

It is so **ORDERED**.

WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE